Ernest W. SHAHID and Margaret P. Shahid, individually and doing business as Shoreline Hotel and Cottage Colony, Plaintiffs,

v.

GULF POWER COMPANY, a corporation, Defendants.

Civ. A. No. 845.

United States District Court
N. D. Florida,
Pensacola Division.

May 1, 1959.

M. C. Blanchard, Pensacola, Fla., for plaintiffs.

E. Dixie Beggs, Pensacola, Fla., for defendants.

CARSWELL, Chief Judge.

This matter is before the Court on motion of defendant for summary judgment pursuant to Rule 56 of Federal Rules of Civil Procedure, 28 U.S.C.A. Plaintiffs' complaint consists of three Counts. The motion is directed to each of the Counts and will be discussed here individually.

The material allegations of the First Count are that defendant Power Company negligently failed to cut off the current after it was notified of fire at plaintiffs' premises, resulting in the destruction of plaintiffs' property by fire.

The plaintiffs do not charge the defendant with any responsibility for the origin of the fire in this Count.

The depositions and affidavits relied upon by defendant in support of its motion in this regard are in no way disputed by any of the documents relied upon by plaintiffs. It affirmatively appears in regard to this issue as to whether or not the defendant negligently failed to cut off power promptly after notification by the plaintiffs that the facts are not in dispute. The plaintiffs in their depositions aver that the defendant's servicemen were slow in arriving at the scene, but it is not disputed that the power was not already off, and there is no showing that the defendant could, or

should, have cut off the power sooner than was accomplished prior thereto by safety mechanisms. This being so, there is not even the possibility of inference that the exertion of more diligence by defendant would have prevented or mitigated the damage.

Counts Two and Three of the complaint charge the defendant with negligently starting the fire, either through failure to provide protection from an overload of current or from transmitting current to the hotel premises to the defendant's premises in such quantity or in such manner as to start the fire. Admittedly, the fire was of electrical origin. The depositions of plaintiffs establish that the fire started on the ground floor of the hotel building in a room housing the electrical equipment of the plaintiffs. Plaintiffs state that they saw arcing and sparking in this room, and later on the service lines running from the defendant's transmitter pole to the service mast on top of the hotel, and that, therefore, there must be an inference at least that the fire might have started from some negligence on the part of the defendant.

■■ Even placing upon the defendant, as the law does, the duty of extraordinary care in the operation of its business and considering the matter here on motion for summary judgment most stringently against the movant, the Court concludes nevertheless that there is not even the modicum of evidence necessary to submit a material question of fact to the jury and that defendant's motion for summary judgment should be granted.

In reaching this conclusion, the Court has considered most carefully the case of Yelverton v. Adams, decided by the United States Court of Appeals for the Fifth Circuit and reported in 262 F.2d 146, 149. In Yelverton the District Court's granting of motion for summary judgment was reversed with the following comment:

"While the evidence as to whether the fire was electrically caused is wholly circumstantial and looked at as to its weight, seems rather too tailored, pieced out and made to order to carry the fullest conviction, we are of the clear opinion that we cannot say of it, as the district judge did, that it is wholly insufficient to take that phase of the case to the jury.

On the contrary, circumstantial as the evidence is, bolstered as it is by self serving and interested testimony and smacking to some extent of a contrived or confected case, we think we must say that these manifestations more affect its weight than its admissibility. In short, whether on the whole it presents a credible or an incredible story is a question of fact and not of law, is not for the court but for the jury to say, and it was error for the district judge, without putting the defendants to their proof, to take the case from it."

In the case before this Court, we do not have merely strained evidence in support of plaintiffs' contention, we do not have merely weak evidence in its probative force, we simply do not have any substantial evidence of any nature which could give rise even to an inference, from substantial evidence, conjecture or otherwise, that the fire here was due to the negligence of the defendant. In Yelverton there was at least some proof of a jumper wire or other specific condition that the power company in that situation was charged with having failed to detect upon inspection, or having failed to remedy after complaint. Here plaintiffs and their witnesses merely describe certain electrical phenomena from which they wish the jury to be permitted to infer that some unidentifiable dangerous condition existed; further infer that the defendant was responsible for the condition; and still further infer that this condition caused the fire.

The entire burden of all the evidence before the Court in this case compels the Court to the view that there is a very ob-

vious distinction between the two cases. To hold otherwise would be to submit to a jury conjecture, inference, speculation without even a jumping off place to reach some kind of verdict. The mere fact that premises are burned to which electrical current is supplied, standing alone, cannot be the basis for an action in negligence against the supplier of the current thereto.

Order will be entered this day in conformity herewith.